IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB 29 A 10: 17

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-026 |
| | ) | |
| BRIAN OWENS, Commissioner; MS. | ) | |
| BUSSEY, Grievance Coordinator; MS. | ) | |
| SEGAL[1]; DENNIS BROWN, Warden; MS. | ) | |
| LEE, Sergeant of Intake; DARRELL | ) | |
| HART, Warden; MR. COPELAND, FSA; | ) | |
| TERRY WILSON, HSA; SAMUEL S. | ) | |
| OLENS, Attorney General; and DAVID A. | ) | |
| ZISOOK, Assistant Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Ware State Prison ("WSP") in Waycross, Georgia,[2] seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[3] For the reasons set forth below, the Court **REPORTS** and

---

[1]The **CLERK** is **DIRECTED** to modify the docket to reflect that Plaintiff has named Ms. Segal as a Defendant in this action. (See doc. no. 1, p. 1.)

[2]Although he is currently incarcerated at WSP, Plaintiff's complaint primarily concerns events that allegedly occurred while he was incarcerated at Augusta State Medical Prison ("ASMP"), located in Grovetown, Georgia. (See doc. no. 1.)

[3]Plaintiff recently submitted two other complaints. See Terrell v. Owens, CV 112-018, doc. no. 1 (S.D. Ga. Jan. 30, 2012); Terrell v. Owens, CV 112-017, doc. no. 1 (S.D. Ga. Jan. 30, 2012). While the allegations in these complaints overlap considerably, they are not

**RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

---

identical, and there are also differences in the defendants named and relief requested. Therefore, the Court will treat the complaints as pleadings in separate civil actions.

[4]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed as frivolous under § 1915(g): (1) Terrell v. Grady Memorial Hosp., No. 09-13077-D (11th Cir. Jan. 20, 2010) (appeal dismissed as frivolous); (2) Terrell v. Grady Memorial Hosp., CV 108-3931 (N.D. Ga. May 29, 2009) (case dismissed as frivolous); and (3) Terrell v. Fulton County, CV 109-513 (N.D. Ga. May 26, 2009) (case dismissed as frivolous). As Plaintiff filed a complaint or an appeal that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. Plaintiff's complaint primarily concerns the purportedly improper denial of Plaintiff's grievances at ASMP. (See doc. no. 1, p. 5.) Plaintiff's allegations regarding the grievance procedure at ASMP are plainly insufficient to satisfy the standard for showing imminent danger of serious physical harm. Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent

3

danger of serious physical injury where the plaintiff alleged total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications). The same is true regarding Plaintiff's allegations that prison officials have interfered with his access to the courts by confiscating legal documents. (See doc. no. 1, pp. 5-6.)

Plaintiff's allegation that he was "poisoned" while at ASMP is also insufficient. (See id. at 5.) This incident allegedly occurred on August 24, 2011, meaning that it predated the filing of his complaint in February of 2012 by several months. (See id.) Therefore, it is insufficient to show any imminent danger of serious physical injury during the relevant time frame. See Medberry, 185 F.3d at 1193. As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.[5]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

---

[5] Of note, even if Plaintiff qualified for the imminent danger exception, he would nevertheless arguably be subject to dismissal without prejudice for dishonesty in his complaint. The form complaint Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under penalty of perjury, Plaintiff indicated that he has never before brought any lawsuit in federal court by writing "N/A" or leaving the answer blank as to each of these questions. (See doc. no. 1, pp. 1-3, 6.) The practice of dismissing a case as a sanction for providing false information about prior filing history has been approved by the Eleventh Circuit, see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007), and has previously been utilized in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 29th day of February, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE