IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-026 |
| | ) | |
| BRIAN OWENS, Commissioner, et al.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 5). The Magistrate Judge found, pursuant to 28 U.S.C. § 1915(g), that Plaintiff had three prior cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted, and that he did not qualify for the "imminent danger" exception. As a result, he recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and that this action be dismissed.[2] (Doc. no. 3.)

In his objections, Plaintiff requests that the Court consolidate the instant action with the five other actions that Plaintiff commenced around the same time concerning many of

---

[1] Plaintiff indicates that the party currently listed on the docket as "Ms. Segal" should instead be identified as "Ms. Segar." (Doc. no. 5, p. 1.) The **CLERK** is **DIRECTED** to modify the docket to reflect the corrected version of this Defendant's surname.

[2] The Magistrate Judge also noted that even if Plaintiff qualified for the imminent danger exception, his case would nevertheless arguably be subject to dismissal for dishonesty in his complaint regarding his filing history. (Doc. no. 3, p. 4 n.5.)

the same events alleged in his complaint in this case. (Doc. no. 5.) It is within the Court's discretionary authority to consolidate actions involving a common question of law or fact. See Fed. R. Civ. P. 42(a). However, consolidation is not warranted here because the Court has determined in simultaneously issued Orders that all of Plaintiff's actions are subject to dismissal pursuant to the three strikes provision of § 1915(g). Plaintiff's remaining objections are also without merit and do not warrant further discussion. Therefore, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed IFP is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 25th day of _____May_____, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA